# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRICK ADAMS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-19-1047 |
| TIMOTHY STEWART, | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent Warden Timothy Stewart's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56 filed in response to Darrick Adams'[1] Petition for a Writ of Habeas Corpus, which challenges a determination by the Bureau of Prisons ("BOP") that Adams is ineligible for early release under 18 U.S.C. §3621(d) after successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). ECF No. 4. Respondent's Motion is unopposed.[2]

The case is ready for disposition and I find a hearing is not necessary. *See* Local Rule 105.6. For reasons set forth below, Respondent's motion, construed as a Motion to Dismiss is GRANTED.

## BACKGROUND

Adams is serving a fifty-seven (57) month sentence of imprisonment imposed by the United States District Court for the Eastern District of Michigan after he pleaded guilty to two counts of Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §1951(a)

---

[1] The Clerk shall correct Adams' name on the docket.
[2] Adams was notified of Respondent's dispositive motion, provided an opportunity to respond with supporting verified exhibits and declarations, and the consequences of failing to do so. ECF No. 5.

in *United States v. Adams,* Case No. 0645 2:15CR20106 (2) (E.D. Mich.) (2017). Declaration of Sandra Long, ECF No 4-2 ¶ 2; Judgment, ECF 4-2 at 10. Adams successfully completed the RDAP program and was determined by BOP staff to be ineligible for early release. The decision was based on the nature of his convictions which "ha[d] as an element, the actual, attempted, or threatened use of physical force against the person or property of another," "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," and "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. §§ 550.55(b)(5)(i), (ii), & (iii). ECF No. 4-2 ¶ 13; Offense Review, ECF No. 1-1 at 1; Categorization of Offenses, ECF No. 4-2 at 34-40. The BOP also considered Program Statement 5162.05 § 4.b, which precludes early release if at the time of sentencing the court applies a Specific Offense Characteristic ("SOC") enhancement for use or threatened use of force. *Id.* ¶ 14. In Adams' case, the sentencing court applied a four-level "SOC" enhancement to each count for using a dangerous weapon (a sledgehammer) during the commission of the crime. *Id.* at ¶ 15; *see also* Pre-Sentencing Report, ECF No. 4-2 at 51, Statement of Reasons; ECF No. 4-2 at 53.

## STANDARD OF REVIEW

This Petition is filed pursuant to 28 U.S.C. § 2241, the federal habeas statute which allows a BOP prisoner to seek habeas relief for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent the Rules do not conflict with any statutory provisions or the rules governing habeas corpus proceedings. *See* R. 12, Rules Governing § 2254 Cases.[3] If it plainly appears from a petition and attached exhibits that a petitioner is not entitled to relief, the petition must be dismissed. *Id.* at Rule 4.

---

[3] The district court may apply the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. R. 1(a), Rules Governing § 2254 Cases.

2

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.,* 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either by facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982)) (alteration in original); *see Buchanan v. Consol. Stores Corp.,* 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192. In a factual challenge "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia,* 370 F.3d 392, 398 (4th Cir. 2004) (citing *Adams,* 697 F.2d at 1219 and *Evans,* 166 F.3d at 647).

## DISCUSSION

Adams claims that the BOP violated the Administrative Procedure Act (APA) when it promulgated regulations at 28 C.F.R. § 550.55(b)(5)(ii), which categorically exclude him from early release pursuant to 18 U.S.C. § 3621(e)(2)(B). ECF No. 1 at 6. Respondent argues that the Petition should be dismissed under Fed. R. Civ. P. 12(b)(1) because 18 U.S.C. § 3625 precludes

judicial review of the BOP's discretionary and individualized determination of early release eligibility under § 3621(e), there was no abuse of discretion by the BOP in denying Adams early release based on his conviction, and the claims presented are administratively unexhausted. ECF No. 4-1.

Prisoners convicted of *non-violent* offenses who successfully complete a treatment program may have their remaining period of confinement reduced by up to one year. 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Inmates convicted of violent offenses are expressly denied early release eligibility. *Lopez v. Davis*, 531 U.S. 230 (2001). The BOP is statutorily authorized to implement drug abuse treatment programs such as RDAP with the possibility of a participant's early release upon successful completion. 18 U.S.C. § 3621(e)(2)(B) (participant's prison term "*may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added). Notably, the statute does not guarantee eligible inmates early release. *See Lopez*, 531 U.S. at 241 (BOP has "the authority but not the duty . . . to reduce [a prisoner's] term of imprisonment"); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). Whether an inmate is released early under § 3621(e)(2)(B) is a decision conferred "solely to the discretion and expertise of the BOP." *Pelissero*, 170 F.3d at 447; *see also Penalosa v. Warden, FCI Cumberland*, 2017 WL 79941, at *2 (D. Md. Jan. 6, 2017) (quoting 18 U.S.C. § 3621(e)(2)(B)).

The BOP has promulgated criteria for determining early release eligibility, *see* 28 C.F.R. § 550.55, and issued PS 5162.05 (Categorization of Offenses) to implement the statute. *See* PS 5162.05; ECF No. 4-2 at 33-48. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez*, 531 U.S. at 240 (recognizing BOP authority to deny early release for RDAP completion where felony conviction involved a firearm);

*Cunningham v. Scibana*, 259 F.3d 303, 306 (4th. Cir. 2011); *Minotti v. Whitehead*, 584 F. Supp. 2d 750, 765 (D. Md. 2008).

The APA precludes judicial review of agency action in cases where "statutes preclude judicial review." 5 U.S.C. § 701(a). Title 18 U.S.C. § 3625 expressly exempts from judicial review BOP actions as applied to "the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 and 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Section 3625 preclusion of review is "limited to BOP adjudications." *Minotti*, 584 F. Supp. 2d 761 (judicial review of any BOP "adjudication," defined as a "retrospective particularized fact-finding for each prisoner."); *Sorrell v. Stewart*, CCB-18-576 2018 WL 6199560 *4 (D. Md. Nov. 27, 2018); *Warman v. Philips*, No. 1:08cv217, 2009 WL 2705833, at *2 (N.D.W.Va. Aug. 25, 2009) ("pursuant to 18 U.S.C. § 3625, this Court lacks the authority to review such decisions . . . .") *aff'd*, 353 F. App'x 859 (4th Cir.).[4]

The APA defines a rule as "the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. § 551(4). An adjudication is defined as an "agency process for the formulation of an order [that is the] whole or part of a final disposition . . . of an agency in a matter other than rule making." *Id.* § 551(6), (7). In this district, courts have defined an adjudication as "retrospective particularized fact-finding." *Minotti*, 584 F. Supp. 2d at 761; *Mullen v. Stewart*, No. DKC-17-3173, 2018 WL 1326412, at *5 (D. Md. March 15, 2018); *Sorrell*, 2018 WL 6199560 *4 (finding there was no

---

[4] Section 3625 does not preclude judicial review of BOP rulemaking, *Minotti*, 584 F. Supp. 2d at 761–62, or of a cognizable constitutional claim. *Warman*, 2009 WL 2705833 at *2 (citing *Webster v. Doe*, 486 U.S. 592 (1988). Adams presents no constitutional claims in his Petition.

jurisdiction to review a BOP determination of ineligibility for early release, where the "BOP's analysis of petitioner's prior convictions . . . was retrospective, cabined to petitioner's case, and without effect. In other words, it was an adjudication.")

Adams was not automatically precluded from early release based upon his offense of conviction. Rather, an individualized determination was made by the BOP based on the facts of his conviction and underlying conduct. Specifically, the BOP engaged in retrospective particularized fact-finding regarding Adams' eligibility: the BOP considered whether the sentencing court applied a SOC enhancement to Adams' sentence, his Pre-Sentencing Report, and the sentencing court's Statement of Reasons, in light of applicable federal regulations and program statements. Although Adams is seeking relief under the APA, 18 U.S.C. § 3625 specifically exempts from judicial review the BOP's individualized finding that Adams is ineligible for 18 U.S.C. § 3621(e) early release. Accordingly, this claim will be dismissed under Rule 12(b)(1) for lack of jurisdiction.

## CONCLUSION

For these reasons, I will grant Respondent's Motion to Dismiss. A separate Order follows.

January 22, 2020
Date

Paul W. Grimm
United States District Judge